IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARTHA J. HARRIS,

    Plaintiff,

vs.

                                          No. 1:13-cv-1100

HARDEMAN COUNTY SHERIFF DEPT.,
*et al.*,

    Defendants.

REPORT AND RECOMMENDATION

On March 25, 2013, Plaintiff Martha J. Harris, a resident of Grand Junction, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). On March 27, 2013 the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. On that same day, the District Judge entered an order of reference assigning to the undersigned Magistrate Judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006).

Applicable Law

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

In assessing whether the complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Willams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which a plaintiff has not spelled out in his pleading") (internal quotation marks omitted); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## Section 1983

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) the plaintiff must show a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) the plaintiff must show that the defendant deprived her of this federal right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed.2d 142 (1970).

## Statute of Limitations

As an initial matter, the statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47, 85 L.

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer=s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Ed.2d 254 (1985). Sixth Circuit precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Therefore the Magistrate Judge recommends that any claims based on events happening prior to March 25, 2012, be dismissed as untimely.

## Claims and Analysis

Plaintiff alleges that in May 2012 she called for a deputy after she was beaten by her boyfriend, his sister and another woman. Officer Daniel Sparks arrived and took her complaint and took pictures of her injuries. Hours later he arrested her, which Plaintiff alleges was wrongful. Plaintiff pled guilty to the charges against her.

The Magistrate Judge recommends a finding that Plaintiff has failed to state a claim for false arrest because Plaintiff pled guilty to the charges. A guilty plea is an admission by a criminal defendant that he or she is guilty of the offense. *See Brady v. United States*, 397 U.S. 742, 748 (1970).

Plaintiff also alleges that around November 13, 2012, Officer Sturgers arrested her for aggravated burglary and trespassing. Plaintiff alleges that she was tasered even though she did not try to run and then while she was on her back with her face in the dirt she was tasered again in her back, which caused her to miscarry. After arriving at the jail Deputy Hunt yelled loudly in her ear and she was kept in the "drunk tank" until released even though she does not drink alcohol. She was released on November 27, 2012, when she pleaded guilty.

The Magistrate Judge recommends that the claim of excessive force against Officer Sturgers should survive screening.

However, Plaintiff's claims regarding prison conditions should be dismissed. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Prison officials must provide humane conditions of confinement, including adequate shelter, *Farmer v. Brennan,* 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), with reasonably adequate sanitation and utilities, such as hot water. *Ramos v. Lamm,* 639 F.2d 559, 568 (10th Cir.1980). While comfortable prisons are not mandated and though restrictive or even harsh conditions do not violate the Eighth Amendment, a prisoner may

not be subjected to a condition which strips him of the bare necessities of life. *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

To prevail on a conditions-of-confinement claim, a prisoner must show that he suffered an objective, sufficiently serious deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities) and that a prison official was deliberately indifferent to a substantial risk of serious harm. *Farmer,* 511 U.S. at 834 and 842; *Spencer v. Bourchard,* 449 F.3d 721, 727–28 (6th Cir.2006) (applying *Farmer* to examine pretrial detainee's claim of inadequate shelter due to cold, wet conditions). A sufficiently serious deprivation might be found where an inmate is subjected to a low cell temperature at night, not provided blankets, and deprived of his basic need for warmth. *Wilson v. Setter,* 501 U.S. 294, 304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To establish deliberate indifference, plaintiff must show that a defendant was aware of facts from which he could infer that such a risk existed *and* that he actually drew that inference. *Farmer,* 511 U.S. at 837.

Also relevant in determining the constitutionality of a specific condition is the length of time an inmate is subjected to it. *Bell v. Wolfish,* 441 U.S. 520, 543, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("Our conclusion [that double-bunking is

constitutionally permissible] is further buttressed by the detainees' length of stay .... Nearly all of the detainees are released within sixty days."); *Hutto v. Finney,* 437 U.S. 678, 686–87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell,* 685 F.2d 150, 156 (5th Cir.1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension"). Put simply, "temporary inconveniences and discomforts" do not rise to the level of a constitutional violation. *Adams v. Pate,* 445 F.2d 105, 108–09 (7th Cir.1971).

Applying these standards, the Magistrate Judge recommends a finding that Plaintiff, who complains of being yelled at once and of having to stay in the "drunk tank," has not alleged a deprivation which has resulted in a denial of the minimal civilized measure of life's necessities.

Next, Plaintiff states that on November 19, 2012, Officer Kelly lied and wrote her up for throwing a tray. According to Plaintiff, she was locked in a cell due to inmates "lying" about her. She alleges that the tray fell because of the design of the trap, and she did not grab the tray because she was not expecting it and was just about to say that she did not want

one. She alleges she was forced to stay in the drunk tank until November 27, 2012.

The Magistrate Judge recommends a finding that Plaintiff has failed to state a claim under these facts. Inmates and an officer lying about her do not state a constitutional claim, nor does her eight day stay in the drunk tank.

Plaintiff also complains that on or about December 6, 2012, her probation officer Joyce Phillip had her wrongfully arrested. Plaintiff states that Joyce Phillip said she broke probation and had not been following rules, but that Plaintiff's understanding was that she was supposed to be starting probation all over again.

Because Joyce Phillip was acting within the scope of her duties as a probation officer, she is entitled to quasi-judicial immunity and is immune from a suit for damages under the circumstances of this case. *Humphrey-Fitts v. Duke*, F.Supp.2d, 2012 WL 3991699 (M.D.Tenn.2012); *Loggins v. Franklin Cnty., Ohio,* 218 F. App'x 466, 476 (6th Cir.2007) (a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer). Therefore the Magistrate Judge recommends dismissal of this claim.

Plaintiff complains that when she was released on November 27, 2012, she had an officer come to her home because her home had been broken into on November 13, 2012, while she was incarcerated. She said the officer did not even get out of the car, and that her television had been taken and then returned smashed. Plaintiff says Deputy Randall Grantham also misstated the report and so she still has to pay Rent-a-Center. She also says he has not amended the report to reflect that it was a theft.

The Magistrate Judge recommends that this claim be dismissed. There is no constitutionally protected right to have one's claim against another person investigated. *See DeShaney v. Winnnebago County Dep't of Social Services,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). "No federal appellate court, including the Supreme Court ... has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White v. City of Toledo,* 217 F.Supp.2d 838, 841–42 (N.D.Ohio 2002); *see also Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985); *Smith v. Ross,* 482 F.2d 33, 36-37 (6th Cir. 1973) (failure of a law enforcement officer to investigate a crime does not establish a civil rights violation unless another recognized constitutional right is involved). Additionally, the Constitution is not

violated by a police officer's failure to make a report, the creation of an inaccurate report, or the failure to have an inaccurate report corrected. *See Kent v. Gantt,* 2013 WL 5424710, 3 (S.D.Ohio,2013) citing *Abella v. Simon,* 831 F.Supp.2d 1316 (S.D.Fla.2011); *see also Shock v. Tester,* 405 F.2d 852 (8th Cir.1969) (finding no right under the Equal Protection Clause to an accurate police report, or to have an inaccurate report corrected). The *Kent* Court opines that if a false report is used in some way which damages a plaintiff, some form of constitutional claim might be available, but that is not the situation in the present case.

Plaintiff then jumps to December 10, 2012, when she was arrested and claims Gina Pittman and Scott Kelly put her in a cell with a woman who had a staph infection, when there were more than five empty cells. Plaintiff does not, however, allege any resulting harm, moreover, based on the conditions-of-confinement law above, the Magistrate Judge recommends dismissal of this claim for failure to state a claim.

Plaintiff states that on December 11, 2012, she was sentenced to thirty days. She states that she was written up for interfering with inmate "count" but she was in the shower at the time and her cell was unlocked and she did not realize the time. She was given five days for lockdown but she had to stay in

lockdown for thirty days until released. She said during lockdown, shower, visits, and phone use were restricted.

Again, based on the conditions-of-confinement law above, the Magistrate Judge recommends dismissal of this claim for failure to state a claim.

Plaintiff also alleges that nurse Haley tampered with her medication because it smelled "like hands that had handle [sic] a stanking [sic] rotten derriere" and did not give her any of her depression medicine (seroquel 150mg).

The Eighth Amendment prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id*.

An Eighth Amendment claim consists of objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Brooks v. Celeste*, 39 F.3d 125, 127-28 (6th Cir. 1994); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

The Magistrate Judge finds Plaintiff's claim that she did not receive her prescribed depression medicine sufficient to survive screening. However her claim that the other medicine smelled bad is not sufficiently serious to state a claim under the Eighth Amendment and the Magistrate Judge recommends dismissal of that claim.

Plaintiff alleges that when pod officer Courtney wrote her up wrongfully, that Patrick Perry hit her in her breast so hard until she fell back into her chair, just because she stood up.

The Magistrate Judge recommends that this excessive force claim survive screening.

Plaintiff complains that on September 12, 2012, she called for an officer because her ex-boyfriend took her SIM card and Officer Perry was nonchalant. This claim should be dismissed. As stated above, there is no constitutionally protected right to have one's claim against another person investigated. *See DeShaney v. Winnnebago County Dep't of Social Services,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). "No federal appellate court, including the Supreme Court ... has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White v. City of Toledo,* 217 F.Supp.2d 838, 841–42 (N.D.Ohio 2002).

Finally, Plaintiff complains that chief administrator Billy Davis was nonchalant and he did not persist in seeing that his jail house officials help Plaintiff.

The Magistrate Judge recommends this claim be dismissed. Section 1983 will not support a claim based upon a theory of *respondeat superior* alone. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant.

*Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). A failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Co., Ky*, 668 F.2d 869, 874 (6th Cir. 1982). Here, the alleged conduct complained of does not constitute sufficient personal involvement to state a claim of a constitutional dimension.

## Other Claims

To the extent Plaintiff seeks to bring claims against her ex-boyfriend and his sister, they are private parties and cannot be liable under Section 1983, and therefore the Magistrate Judge recommends their dismissal.

Plaintiff names the Hardeman County Sherriff's Department and county jail as Defendants. As these are not suable entities, the Magistrate Judge recommends their dismissal and any claims against them be construed as against the proper party, Hardeman County.

In regards to Plaintiff's claim against Hardeman County, the Magistrate Judge recommends dismissal for failure to state a claim. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of Plaintiff's claim against Hardeman County.

A local government "cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (*quoting*

16

*Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (*quoting Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

The allegations of the Complaint fail to identify an official policy or custom which caused injury to Plaintiff. Instead, it appears that Plaintiff is suing Hardeman County because she was confined in a county institution and the county employed persons who allegedly violated her rights. These allegations fail to state a claim under Section 1983 and the Magistrate Judge, therefore, recommends dismissal of this Defendant.

## Conclusion

The Magistrate Judge recommends a finding that the excessive force claims against Officer Sturgers and Officer Perry survive screening. The claim against Nurse Haley regarding failure to give Plaintiff her depression medication only, should survive screening as well. The Magistrate Judge recommends all other claims and parties be dismissed.

It is Recommended that the Clerk shall issue process for Defendants Sturgers, Perry, and Haley and deliver that process to the marshal for service. Service shall be made on the individual defendants either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(1) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

**Respectfully Submitted,**

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**Date:**   October 9, 2013

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.