IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARTHA J. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 13-1100-JDT-egb |
| ) | |
| ) | |
| HARDEMAN COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S OBJECTION
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND SERVE PROCESS ON THE REMAINING DEFENDANTS

Plaintiff Martha J. Harris, a resident of Grand Junction, Tennessee, filed a *pro se* civil complaint on March 25, 2013, along with a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (D.E. 3.) The Clerk shall record the Defendants as Hardeman County, Tennessee,[1] Sheriff Doolen; Deputy Daniel Sparks; Deputy Roger Sturgers; Chief Deputy Mike Kennamore; Chief Administrator Billy Davis; Captain Brown; Deputy Patrick Perry; Jailer Gina Pittman;[2]

---

[1] The claims against the Hardeman County Sheriff's Department and the Hardeman County Jail are also properly construed as claims against Hardeman County.

[2] Pittman's first name is spelled variously in the complaint as "Jinna" (D.E. 1 at 1), "Gena" (id. at 2), and "Gina" (id. at 5).

Deputy Randall Grantham; Judge Carey; Deputy Hunt; Nurse Haley;[3] pod officer Courtney; pod officer Scott Kelly; and Probation Officer Joyce Phillips.

The case was referred to U.S. Magistrate Judge Edward G. Bryant on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 4.) On October 9, 2013, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended that portions of the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the three remaining Defendants be served with process. (D.E. 5.) Plaintiff filed a timely objection to the R&R on October 17, 2013. (D.E. 6.)

Plaintiff's complaint concerns various incidents, most of which occurred during, or are related to, several different arrests and periods of incarceration in the Hardeman County Jail. The Magistrate Judge has recommended dismissal of the complaint, with three exceptions. Those exceptions are: (1) the claim that Defendant Sturgers subjected Plaintiff to excessive force while arresting her on or about November 13, 2012, by tasering her once even though she did not try to run and then tasering her again once she was on the ground, allegedly causing her to miscarry (D.E. 1 at 5); (2) the claim that Defendant Haley refused to give Plaintiff her medication, which was prescribed for depression (id. at 9);[4] and (3) the claim that Defendant Perry subjected Plaintiff to excessive force, apparently in December

---

[3] As this Defendant is female (D.E. 1 at 9), it is unclear whether "Haley" is her first name or her last name.

[4] Although the complaint is not entirely clear, the alleged failure to give Plaintiff her medication seems to have occurred while she was incarcerated from December 2012 to January 2013. (Id. at 8-9.)

of 2012, by hitting her in the breast so hard that she fell back into a chair, merely because she stood up (id.).

The objection to the R&R filed by Plaintiff is general, asserting that all of her claims have merit and that none should be dismissed. However, after considering the complaint and the law, the Court DENIES the objection. Nothing in that document demonstrates that the Magistrate Judge's conclusions are erroneous and should not be adopted. Therefore, the Court finds that a more detailed written opinion is unnecessary and hereby ADOPTS the R&R. Accordingly, except for the excessive force claims against Defendants Sturgers and Perry and the claim against Defendant Haley for failure to give Plaintiff her prescription medication, the complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

It is ORDERED that the Clerk shall issue process for Defendants Sturgers, Haley, and Perry and deliver that process to the U.S. Marshal for service. Service shall be made on the Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document she files in this cause on the attorneys for Defendants Sturgers, Haley, and Perry and on any unrepresented Defendant. Plaintiff shall make a certificate of service on every document

filed.  Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.[5]

Plaintiff shall promptly notify the Clerk, in writing, of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**  
                                                JAMES D. TODD  
                                                UNITED STATES DISTRICT JUDGE

---

[5] A free copy of the Local Rules may be obtained from the Clerk.  The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.