```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   EASTERN DIVISION
```

MARTHA J. HARRIS,

    Plaintiff,

v.                          Case No. 1:13-cv-01100-JDT-egb

DEPUTY ROGER STURGERS,
*et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of Defendant Carolyn Hale, in the Plaintiff's Complaint misnamed as "Nurse Haley." [D.E.37]. Plaintiff has responded in opposition. This matter has been referred to the Magistrate Judge for a report and recommendation.

Following the initial screening of the Complaint [D.E. 5][1], as to Nurse Hale, the Magistrate Judge found only the deliberate indifference to serious medical needs claim -- that *pro se* Plaintiff did not receive her prescribed depression medicine -- survived the initial screening. [D.E. 7]. Nurse Hale now contends she is entitled to summary judgment on this claim,

---

[1] The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

because the plaintiff can provide no evidence that Nurse Hale was deliberately indifferent to a serious medical need.

Plaintiff has responded to the instant Motion, stating that Nurse Hale said she had never heard of a particular medicine and as such, did not give it to Plaintiff, and secondly, that when Plaintiff said she had gone to a higher dosage of depression medicine Seroquel, Defendant would only give her the regular dosage. The Court considers these unsworn statements as other materials in the record, consistent with Rule 56(c)(1)(B)(3). The Defendant has filed a 57-page affidavit which chronicles a history of medical care and treatment for Plaintiff by the Defendant Nurse Hale, during Plaintiff's time in jail.

## Report and Recommendation

In order to withstand a summary judgment motion on a §1983 claim concerning medical care received by an inmate, Plaintiff must establish that Defendant (1) acted with deliberate indifference and (2) with an imminent risk of serious harm to the inmate. *See Robbins v. Black*, 351 Fed. Appx. 58, 2009 WL 3583621 (6th Cir. 2009) *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As Nurse Hale notes, The United States Supreme Court case of *Wilson v. Seiter*, 501 U.S. 294 (1991) and the cases subsequent to *Wilson* have clarified that the analysis requires an objective component regarding the seriousness of the medical

need, **and** also an objective and subjective component of the defendant's mental state of "deliberate indifference." As explained by the court in *Robbins*, "The objective component of the test requires a plaintiff to demonstrate a sufficiently serious medical need such that the plaintiff is incarcerated under conditions posing a substantial risk of serious harm. The subjective component requires a showing that prison officials acted with a sufficiently culpable state of mind in denying medical care, i.e. a degree of culpability greater than mere negligence. . ." *Robbins*, 2009 WL 3583621 at *2 (6th Cir. 2009) (internal citations omitted).

In *Estelle v. Gamble* the Court recognized "a complaint that a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment . . . a prisoner must allege [and be able to prove] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs…" *Estelle*, 429 U.S. 97, 105 (1976). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994). In order to overcome summary judgment, in addition to showing that the actual conduct of the defendant rose above the level of ordinary negligence, i.e., the

3

objective component, a plaintiff must also offer evidence that is subjective in nature -- that the defendant acted with a deliberateness tantamount to an intent to punish. *Robbins v. Black*, 351 Fed. Appx. 58, 2009 WL 3583621. Moreover, the Court should "generally refrain from 'second guessing" the adequacy of a particular course of treatment where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment." *Pollard v. Blue*, 2009 WL 3160355 (W.D. Ky. 2009). Stated another way, a "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." *Kirkham v, Wilkinson*, 101 Fed. Appx. 628, 630, 2004 WL 1380083, *2 (6th Cir. 2004).

After consideration of the pleadings and the record, the Magistrate Judge recommends a finding that Plaintiff has failed to establish the elements necessary for her Eighth Amendment claim to survive, and recommends therefore that Nurse Hale's Motion be granted. The medical records are clear proof that during Plaintiff's periods of incarceration Nurse Hale exercised appropriate judgment and efforts in the administration of Plaintiff's medicine, even to include seeking the assistance of the Plaintiff's daughter. The records reflect that Plaintiff did cooperate at times and receive her medications. Plaintiff's medical records establish she was provided medications

(including Seroquel), and accepted them numerous times - on May 15, 16, 17, 19, 26, and 28, 2012; June 2, 3, and 5, 2012; December 29, 30 and 31, 2012, and January 1 through 7, 2013. (Med.Rec. pp. HarrisM33 through HarrisM 42). On other occasions, the evidence shows that Plaintiff refused to accept her medications - on May 18, 20 through 23, 2012, she refused her morning medications; on May 24, 2012, she refused her evening medications. On June 1 and 4, 2012, she refused her morning medications. Plaintiff also refused her medications on November 20 through 27, 2012, December 13 through 28, 2012, and January 8, 2013. (*Id*.). Nurse Hale repeatedly attempted to reason with Plaintiff, to convince her to take her medications regularly. She assured Plaintiff that the medicines had been brought by her family and had her name on the bottles, but Plaintiff simply stopped up her ears, turned her head, and walked away. (*Id*. at ¶¶ 6-31; Med. Rec. [Generally]).

The undisputed evidence shows that each time Plaintiff was brought into custody, Nurse Hale took appropriate steps to have Plaintiff's personal medications brought to the Jail. (*Id*. at ¶ 35). When the medications did not arrive promptly, Nurse Hale offered Plaintiff medications from SHP stock, which Plaintiff chose to refuse. (*Id*. at ¶¶ 35-36). Each time Plaintiff's medications were brought to the Jail, Nurse Hale immediately

contacted the Medical Director to obtain orders for Plaintiff to be provided with the medications. (*Id*. at ¶ 35). Nurse Hale then promptly prepared and distributed the medications to Plaintiff. (*Id*. at ¶ 30, Med.Rec. [Generally]).

Plaintiff's claims against Nurse Hale are unsupported. The claims cannot withstand summary judgment because Plaintiff has failed to provide evidence of action or inaction by Nurse Hale that could evince a "deliberateness tantamount to intent to punish." *Robbins*, 351 Fed.Appx. 58, 2009 WL 3583621. Defendant has provided overwhelming and undisputed evidence refuting Plaintiff's claims. Finding that Plaintiff has failed to provide any evidence to support a colorable Section 1983 claim against this Defendant, it is the recommendation of this Magistrate Judge that Nurse Hale's Motion for Summary Judgment be Granted.

Respectfully Submitted this 20th day of October, 2014.

                                          **s/Edward G. Bryant**
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**