IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARTHA J. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 13-1100-JDT-egb |
| ) | |
| HARDEMAN COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET,
DENYING MOTION TO REMOVE MAGISTRATE JUDGE,
DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff, Martha J. Harris, filed a *pro se* civil complaint on March 25, 2013. (ECF No. 1.) On March 27, 2013, the Court granted leave to proceed *in forma pauperis*. (ECF No. 3.) United States Magistrate Judge Edward G. Bryant issued a Report and Recommendation ("R&R") on October 9, 2013, recommending that portions of the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and that process be served on Defendants Carolyn Hale, Patrick Perry, and Roger Sturgis.[1] (ECF No. 5.) The Court adopted the R&R on October 22, 2013. (ECF No. 7.)

Defendant Hale filed a motion for summary judgment on August 19, 2014. (ECF No. 37 & 38.) Plaintiff responded (ECF No. 39), and Magistrate Judge Bryant issued a second R&R on October 20, 2014, recommending that Hale's motion be granted (ECF No. 47). The Court also

---

[1] Subsequent documents show that Defendant "Sturgers" last name is actually Sturgis. (ECF No. 55-3.) The Clerk is directed to MODIFY the docket to reflect his correct name.

adopted that R&R and granted Hale's motion for summary judgment on November 7, 2014. (ECF No. 52.)

On November 13, 2014, Plaintiff filed a motion asking that Magistrate Judge Bryant be taken off this case. (ECF No. 53.) Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;
> (5) He or his spouse . . . :
>   (i) Is a party to the proceeding . . . ;
>   (ii) Is acting as a lawyer in the proceeding;
>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[2] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

The only basis for Plaintiff's request for Magistrate Judge Bryant to be removed is his adverse rulings and actions during the proceedings in this case, with which she disagrees. That is not enough to warrant recusal. Plaintiff has cited no facts from which a reasonable person would conclude that the impartiality of the Magistrate Judge might be questioned. Therefore, the motion to take Magistrate Judge Bryant off this case is DENIED.

---

[2] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

A motion for summary judgment was filed on behalf of Defendants Sturgis and Perry on November 13, 2014. (ECF No. 55.) Plaintiff filed a response on January 6, 2015. (ECF No. 59.) Plaintiff also filed a "motion" on February 18, 2015, objecting to a grant of summary judgment (ECF No. 62) and a motion on March 25, 2015 (ECF No. 64), asking for a ruling in her favor. Magistrate Judge Bryant issued an R&R on May 18, 2015, recommending that the Defendants' motion for summary judgment be granted. Plaintiff filed timely objections on June 1, 2015.[3] (ECF No. 65.)

Plaintiff's objections again consist primarily of assertions that she is telling the truth and the Defendants are not. However, there is no evidence in the record to refute Defendants' affidavits. The Court agrees with the Magistrate Judge's conclusion that Defendants Sturgis and Perry are entitled to judgment as a matter of law. Therefore, Plaintiff's objections are DENIED, and her motions objecting to summary judgment (ECF Nos. 62 & 64) are also DENIED. The R&R is ADOPTED, and the Defendants' motion for summary judgment (ECF No. 55) is GRANTED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed

---

[3] The Defendants are allowed fourteen days in which to respond to Plaintiff's objections. *See* Fed. R. Civ. P. 72(b)(2). However, because the Court has determined that the objections are not well taken, no response from the Defendants is necessary.

4

in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment to the Defendants also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE